UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEBRA BRICE,

    Plaintiff,

 v.              Case No. 10-C-711

RICHARD RESCH and
KRUEGER INTERNATIONAL, INC.,

    Defendant.

**DECISION AND ORDER**

  Plaintiff has moved for default judgment on one of the three claims she has filed. Although the Defendants filed a timely motion to dismiss the other two claims, they did not otherwise respond to the first one. As such, Plaintiff believes she is entitled to default judgment as to that claim.

  Defendants note that persuasive precedent in this district holds that even if a motion to dismiss seeks dismissal of some, but not all, claims, the motion nevertheless acts as a complete response to the complaint. *Brocksopp Engineering, Inc. v. Bach-Simpson Ltd.,* 136 F.R.D. 485, 486-87 (E.D. Wis. 1991). This is because Fed. R. Civ. P. 12(a)(4) states that "serving a motion under this rule alters" the time periods for response set forth in the rule. It does not say that the time periods are altered only for those claims subject to the motion filed; it simply says that the time periods are altered when a motion is filed. That is what happened here. As such, an answer was not yet due because the Defendants filed a motion to dismiss. *See* 5B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1346 (3d ed. 2004) ("the weight of the

limited authority on this point is to the effect that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion.")

Even apart from the above, default judgment is a drastic remedy available only when circumstances truly warrant it. Granting such a judgment under these circumstances – particularly when the Defendants have clearly appeared and are defending the lawsuit – would be precipitous and would undoubtedly result in a swift reversal.

Plaintiff has also filed a motion to strike the Defendants' response to its motion for default judgment. It asserts that the October 11 response was actually due on October 5, 21 days after its motion was filed. But responding parties get 3 additional days thanks to Fed. R. Civ. P. 6(d), and the weekend and Columbus Day holiday tacked on a few more days. Thus, the response was not tardy. Even if it were, there has been no showing of prejudice or any other reason to "strike" the response.

The motion for default judgment is **DENIED**; the motion to strike is **DENIED**. A response to the motion to dismiss will be due on November 26, with a reply due December 10.

**SO ORDERED** this   9th   day of November, 2010.

                                             s/ William C. Griesbach
                                             William C. Griesbach
                                             United States District Judge